208 N.J. Super. 450 (1985)
506 A.2d 70
DAVIS & DORAND, INC., PLAINTIFF,
v.
PATIENT CARE MEDICAL SERVICES, INC. DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
September 20, 1985.
*452 Marcel Weber for plaintiff (Gabriel Kaszovitz, attorney).
Vickie Martin Hamilton for defendant (Hirsch, Newman, Simpson & Baer, attorneys).
*453 VILLANUEVA, J.S.C.
This is a motion for summary judgment to dismiss the complaint, pursuant to N.J.S.A. 14A:13-11 and 14A:13-20, because plaintiff is a foreign corporation which failed to obtain a certificate of authority to do business in New Jersey and failed to file timely a notice of business activities report.
The issue is whether a foreign corporation may maintain an action here without obtaining a certificate of authority to do business in New Jersey, N.J.S.A. 14A:13-3, if it has filed a timely notice of business activities report, N.J.S.A. 14A:13-15.
The court holds that a foreign corporation transacting business in New Jersey cannot maintain an action here without obtaining a certificate of authority to transact business in this State, whether or not it timely filed a notice of business activities report. In addition, plaintiff's untimely filing of its report without establishing the reason for late filing and without paying all taxes, interest and civil penalties did not excuse its failure to file a timely report.
This is a complaint for $8,920.95 for services rendered and disbursements made or incurred from July 1983 to April 1985. The services were creative services performed by plaintiff at its New York office and the disbursements were incurred on defendant's behalf by the insertion of advertisements created by plaintiff for defendant in various media located in New Jersey.
Defendant Patient Care Medical Services, Inc., is a home health care agency incorporated and doing business in New Jersey. Plaintiff, Davis & Dorand, Inc., a foreign corporation incorporated in the State of New York, is an advertising agency which came to defendant's office in West Orange, New Jersey, to make a sales presentation to defendant in order to procure business from the defendant. Following the presentation in 1983, plaintiff transacted business with the defendant's New Jersey office on a continual basis concerning advertising which the defendant desired to place in local New Jersey newspapers. *454 Plaintiff repeatedly and regularly placed the advertisements for defendant in New Jersey newspapers, arranged by employees of plaintiff by telephone or mail from New York.
Plaintiff contends that except for the initial presentation in New Jersey, at which time no agreement was reached, its employees did not come to New Jersey in connection with this matter.
Plaintiff maintains no offices or employees in New Jersey nor does it have any bank accounts, mail drops or telephones in New Jersey and never has had such contacts.
Plaintiff contends that the contract involved was not made in New Jersey but was made in connection with interstate commerce, and since plaintiff does not otherwise transact business in New Jersey within the meaning of the "door closing" statutes for any other clients, no authorization to do business in New Jersey is therefore required.
At the original hearing on August 16, 1985, the court sua sponte afforded plaintiff the opportunity to comply with all necessary New Jersey laws prior to a determination on this motion, and therefore it was adjourned for two weeks for this purpose.
In the interim the plaintiff filed a notice of business of activities report by a foreign corporation for the taxable year beginning June 1, 1983 and ending May 31, 1984, in which it indicated that the corporation did not disclaim liability under the Corporation Business Tax Act, N.J.S.A. 54:10A-1, et seq., or the Corporation Income Tax Act, N.J.S.A. 54:10E-1, et seq., and any obligation to obtain a certification of authority to do business in this State.
Despite not disclaiming any obligation to obtain such a certificate, plaintiff has still failed to do so.
Any foreign corporation transacting business in New Jersey must obtain a certificate of authority to do so from the Secretary of State. N.J.S.A. 14A:13-3. If the foreign corporation *455 fails to procure the required certificate of authority, then it is prohibited by law from maintaining any action in any court of this State. N.J.S.A. 14A:13-11. Plaintiff, a foreign corporation, has been transacting business in New Jersey without a certificate of authority to do so.
The term "transacting business" requires that a foreign corporation be engaged in local activity within New Jersey and not just engaged in interstate commerce. Materials Research Corp. v. Metron, 64 N.J. 74, 79 (1973). If a foreign corporation's activities in New Jersey are limited only to interstate sales, then the corporation cannot be required to obtain a certificate of authority. Eli Lilly & Co. v. Sav-On Drugs, Inc., 366 U.S. 276, 278, 81 S.Ct. 1316, 1318, 6 L.Ed.2d 288 (1961). However, solicitation of business within New Jersey with additional elements take a foreign corporation "across the threshhold of interstate commerce." Materials Research Corp., supra., 64 N.J. at 83.
Plaintiff's continuous activities in New Jersey for the defendant over the past two years have been completely local activities and have not been a part of interstate commerce. Plaintiff's representatives came into New Jersey and offered its advertising services to a New Jersey corporation which desired to advertise only locally in New Jersey newspapers. Then, on a regular basis over a two-year period, plaintiff worked with defendant and with various New Jersey newspapers to have the defendant's advertisements placed in New Jersey media. This is similar to the situation that existed in Eli Lilly & Co. v. Sav-On Drugs, Inc., supra. In that case plaintiff, an Indiana corporation dealing in pharmaceutical products, had representatives who came into New Jersey and promoted the sale of plaintiff's product not only to wholesalers, who were interstate customers, but also who promoted the sale of its product to physicians, hospitals and retailers who then would buy the product in intrastate commerce from the wholesalers. Id. 366 U.S. at 280, 81 S.Ct. at 1319. The court held that this process *456 of the foreign corporation promoting the sale of its product through wholesalers within the State constituted local intrastate business, and for that reason, held that the plaintiff could not maintain an action in New Jersey because it had not obtained a certificate of authority. Id. at 284, 81 S.Ct. at 1321.
The same type of situation exists with plaintiff herein. Plaintiff has localized at least a portion of its business in New Jersey. The process of soliciting advertising business from a New Jersey corporation and then placing the ads in New Jersey newspapers is an intrastate process. It is analogous to the salesmen in Eli Lilly who determined the pharmaceutical needs of New Jersey customers and then promoted the sale of their product through New Jersey wholesalers. Therefore, plaintiff, as a foreign corporation, is subject to the requirements of N.J.S.A. 14A:13-3. Because plaintiff has failed to obtain the required certificate of authority, it is prohibited from maintaining the present action.
In addition, any foreign corporation which is carrying on any activity in New Jersey, whether it constitutes transacting business or not, is required to file a timely notice of business activities report with the State. N.J.S.A. 14A:13-15. If a foreign corporation carrying on activity within the State fails to file the required report, then it is prohibited from maintaining an action in New Jersey. N.J.S.A. 14A:13-20. Plaintiff, through its business dealings with defendant, has been carrying on activities in New Jersey but failed to file the required report until just before the adjourned hearing on this motion.
Several of the activities described in N.J.S.A. 14A:13-15, have been carried on by plaintiff. Its representatives have been present in New Jersey in connection with the corporation's business; it has received payments from defendant and its parent company, Patient Care, Inc., aggregating in excess of $25,000.00; and it has derived income from sources within this State, including defendant.
*457 In Associates Consumer Discount Co. v. Bozzarello, 149 N.J. Super. 358, 360 (App.Div. 1977), the court considered plaintiff's appeal from a grant of summary judgment in favor of defendants, which dismissed plaintiff's complaint for monies allegedly due to it on a credit agreement between the parties. Defendants moved for the summary judgment on the ground that plaintiff, a Pennsylvania corporation, had failed to comply with N.J.S.A. 14A:13-15.
In affirming the order for summary judgment, the court articulated the purpose of this statute:
The statute is not a taxing measure. It is essentially an information gathering measure. Its clear purpose is to enable the Division of Taxation to obtain pertinent data from any foreign corporation which carries on an activity or owns or maintains property in this State but which has not obtained a certificate of authority to do business in New Jersey, to the end that a proper determination may be made as to whether such corporation is subject to any State tax. [Id. at 362]
In a sequel opinion, Associates Fin. Serv. Co. of N.J. v. Bozzarello, 168 N.J. Super. 211 (App.Div. 1979), the court further examined the legislative intent behind the Reporting Act. The unsuccessful plaintiff in the original Bozzarello case assigned the note to Associates Financial Services Co. of New Jersey, Inc., a New Jersey corporation, which then brought suit for payment on the note; however, the trial court dismissed the complaint, holding that the foreign corporation could only assign the rights it possessed to the New Jersey corporate plaintiff. Id. at 212.
On appeal the State, as intervenor-respondent, contended that "the overall intent of the legislative scheme was to supplement existing reporting requirements in order to insure compliance with state revenue laws." Id. at 212-13. In connection with this argument, the court referred to 5 Report of the New Jersey Tax Policy Committee and concluded that N.J.S.A. 14A:13-14 et seq., evolved from the Committee's recommendation for the reason set forth in the Report. Id. at 213. The pertinent provision in the Report reads as follows:

*458 We believe that it is important, in order to safeguard the State's revenues and reduce unfair tax-free competition with businesses that pay taxes to this State, that the Legislature adopt a more effective technique for discovering foreign corporations that may be taxable, but that are now paying no taxes, and would otherwise escape the broadened jurisdiction of the proposed second tier tax. To seek to accomplish that objective, we propose that a statutory provision be adopted requiring certain non-qualified foreign corporations to file with the Division of Taxation a Notice of Business Activities. [5 Report of the New Jersey Tax Policy Committee at 33.]
The foregoing opinions indicate that N.J.S.A. 14A:13-14 et seq. was intended to serve the specific purpose of gathering information to insure fair taxation, and it was not intended to supersede the requirements of N.J.S.A. 14A:13-3.
The Appellate Division in First Family Mortgage Corporation of Florida v. Durham, 205 N.J. Super. 251 (App.Div. 1985), recognized this very issue, but it based its affirmance of dismissal of the complaint upon plaintiff's failure to comply with N.J.S.A. 14A:13-20(a).
The Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-14 et seq., adopted in 1973, did not expressly or impliedly eliminate the requirement contained in N.J.S.A. 14A:13-3 that a foreign corporation transacting business in this State has to obtain a certificate of authority to do so from this State's Secretary of State. On the other hand, the act contains exemptions, which state:
A foreign corporation shall not be required to file a notice of business activities report if:
a. By the end of an accounting period for which it was otherwise required to file a notice of business activities report under this act, it had received a certificate of authority to do business in this State; or
b. A timely return has been filed under the Corporation Business Tax Act or the Corporation Income Tax Act for such accounting period. N.J.S.A. 14A:13-16.
There is no such reciprocal exemption that a foreign corporation need not obtain a certificate of authority to do business in New Jersey solely because it has filed a notice of business activities report.
*459 If the Legislature had desired to eliminate the requirement for such a certificate, it could have done so. However, there is nothing in the legislative history of the Reporting Act or the language contained therein by which it could be concluded that the Legislature intended to eliminate the requirement, which has been in effect continuously since 1896, for such a certificate. As indicated in Associates Fin. Serv. Co. of N.J. v. Bozzarello, supra, the legislative scheme of the Reporting Act was to supplement existing reporting requirements.
Plaintiff attempts to excuse its failure to obtain a certificate of authority to do business upon the ground that it has now filed a business activities report in accordance with N.J.S.A. 14A:13-15. The fallacy with such a contention is:
a) Plaintiff has not disclaimed liability for the corporation business tax and the corporation income tax of New Jersey and, therefore, it is not exempt under N.J.S.A. 14A:13-20 a;
b) It did not file a timely report and, therefore, is prevented from the use of the courts of this State pursuant to N.J.S.A. 14A:13-20 b;
c) The plaintiff has not requested the court to excuse the corporation for failure to file a timely report when due and restore the right of access to the courts of this State in accordance with N.J.S.A. 14A:13-20 c. That statute permits a court to excuse the failure to file a report when it finds that the corporation has sustained the burden of establishing that:
(1) The failure to file a timely report was done in ignorance of the requirement to file, such ignorance was reasonable in all circumstances; and
(2) All taxes, interest and civil penalties due the State for all periods have been paid, or provided for by adequate security or bond approved by the director, before the suit may proceed.
There is no factual basis for the court to excuse such failure to file a timely report, nor is there any evidence that all taxes, interest and civil penalties due to the State have been paid.
(d) Plaintiff has acknowledged its responsibility to file a certificate of authority to do business in this State when it stated in the notice of business activities report it did file that it *460 did not disclaim "any obligation to obtain a certificate of authority to do business in this State."
Therefore, plaintiff was required to file a timely proper notice of business activities report. Plaintiff's failure to do so or to satisfy the exceptions contained in N.J.S.A. 14A:13-20 c also prohibits it from bringing suit against defendant in this State.
Motion to dismiss complaint granted.