**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0775-22

NG FLOORING, INC., d/b/a
FLOORINGDOCTOR.COM,

    Plaintiff-Appellant,

v.

DEROCHI DESIGN AND
BUILD, LLC,

    Defendant-Respondent.

_____

        Submitted April 8, 2024 – Decided April 30, 2024

        Before Judges Sabatino and Vinci.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-1769-20.

        Jeffrey Harris Ward, attorney for appellant.

        Law Offices of Cohen & Riechelson, attorneys for respondent (Philip Cohen, on the brief).

PER CURIAM

This appeal arises from the trial court's application of provisions within the New Jersey corporate statutes that affect a plaintiff's standing to bring suit in our state courts. The appeal concerns the Law Division's dismissal with prejudice of a complaint by plaintiff, NG Flooring, Inc. ("NG Flooring"), doing business as flooringdoctor.com, against defendant, DeRochi Design and Build, LLC ("DeRochi"), for breach of contract and other claims. The trial court dismissed the lawsuit because of NG Flooring's alleged noncompliance with various annual corporate registration requirements set forth in Title 14A. Based on our de novo review of the legal questions presented, we reverse and reinstate NG Flooring's lawsuit.

We briefly summarize the relevant facts and allegations. Pursuant to a written contract, NG Flooring, a Pennsylvania corporation, completed flooring work for DeRochi in New Jersey, starting in 2016 and ending in 2017. At the time of those services, NG Flooring had a valid certificate of authority to do business in this State under N.J.S.A. 14:12-11(1). A dispute over the work arose, and NG Flooring claimed that DeRochi owed it $87,677. DeRochi denied owing that amount and, in fact, claimed that NG Flooring owed it money.

Of pertinence here, NG Flooring's certificate of authority was revoked by the State on July 16, 2019, because it had not paid the $75 annual registration

fee for calendar years 2017 and 2018. By that point, NG Flooring was no longer engaged in business activities in New Jersey.

In October 2020, NG Flooring filed the present breach of contract action against DeRochi. DeRochi filed a counterclaim against NG Flooring, but that pleading was dismissed with prejudice and the dismissal is not cross-appealed.

On the brink of trial in 2022, DeRochi moved to dismiss NG Flooring's lawsuit, upon discovering that NG Flooring no longer had a valid certificate of authority and had not been filing annual reports with the Secretary of State as a foreign corporation pursuant to N.J.S.A. 14A:13-15. DeRochi asserted NG Flooring now lacks standing to be a plaintiff in the New Jersey courts, relying upon preclusive language within N.J.S.A. 14A:13-11(1) and N.J.S.A. 14A:13-20. NG Flooring responded that it does not need a certificate or to file reports because it is not transacting business in New Jersey at present, although it had been making the requisite filings when it was doing business here.

The trial court agreed with defendant's interpretation of the statutes and dismissed the complaint due to lack of subject matter jurisdiction. The court also denied NG Flooring an opportunity to cure the filing defect, specifying that the dismissal was with prejudice.

3

We analyze the legal issues of statutory interpretation and jurisdiction presented by NG Flooring de novo.  "The determination of whether subject matter jurisdiction exists is a legal question, which we review de novo." AmeriCare Emergency Med. Serv., Inc. v. City of Orange Twp., 463 N.J. Super. 562, 570 (App. Div. 2020) (citing Santiago v. N.Y. & N.J. Port Auth., 429 N.J. Super. 150, 156 (App. Div. 2012)).  "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Rowe v. Bell & Gosset Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The issues before us involve an assortment of provisions within Title 14A applicable to out-of-state corporations such as NG Flooring that conduct business activities in New Jersey.  We highlight the pertinent terms of those provisions, as follows.

Chapter 13 of the General Corporations Act ("the Corporations Act") contains directives on how that statute is applied to foreign corporations.[1]  The main provision of the Corporations Act involved here is N.J.S.A. 14A:13-11(1),

---

[1]  For purposes of analysis, a "foreign" corporation is one organized under the laws of another state or country.

which specifies the need for certain foreign corporations to obtain a certificate of authority to do business in this State, and the consequences of failing to obtain and maintain such a certificate when it is required.

Specifically, N.J.S.A. 14A:13-11(1) states:

> (1) No foreign corporation <u>transacting business</u> in this State <u>without a certificate of authority shall maintain any action</u> or proceeding <u>in any court</u> of this State, <u>until</u> such corporation shall have <u>obtained a certificate of authority</u>.
>
> [<u>Ibid.</u> (emphasis added).]

Meanwhile, N.J.S.A. 14A:13-2, specifies the rights and privileges that foreign corporations can enjoy after obtaining a certificate of authority, as well as penalties for not obtaining a certificate:

> (2) A <u>foreign corporation which receives a certificate of authority</u> under this act <u>shall, until a certificate of revocation</u> or of withdrawal <u>is issued</u> as provided in this act, <u>enjoy the same, but no greater</u>, <u>rights and privileges as a domestic corporation</u>[2] organized for the purposes set forth in the application pursuant to which such certificate of authority is issued; and, except as in this act otherwise provided, shall be subject to the same duties, restrictions, penalties and liabilities now or

---

[2] Among the sixteen enumerated general powers provided to corporations under the General Corporations Act is the power: "<u>to sue</u> and be sued, complain and defend and participate as a party or otherwise in any judicial, administrative, arbitrative or other proceeding, in its corporate name[.]" N.J.S.A. 14A:3-1, -(b) (emphasis added).

hereafter imposed upon a domestic corporation of like character.

(3) A foreign corporation which transacts business in this State without a certificate of authority under this act shall be subject to the same duties, restrictions, penalties and liabilities now or hereafter imposed upon a foreign corporation procuring such certificate of authority.

[N.J.S.A. 14A:13-2(2), (3) (emphasis added).]

The Commissioner's Comment to this provision issued upon its enactment in 1968 observes that "Subsection 14A:13-2(3) leaves to the courts the question of the rights and privileges of foreign corporations which transact business in this State without a certificate of authority." Ibid., Commr's cmt. (1968) (emphasis added).

Of central importance here, the Corporations Act delineates when a foreign corporation is "transacting business" in New Jersey and thereby required to obtain and maintain a certificate of authority:

(1) No foreign corporation shall have the right to transact business in this State until it shall have procured a certificate of authority to do so from the Secretary of State. . . .

(2) Without excluding other activities which may not constitute transacting business in this State, a foreign corporation shall not be considered to be transacting business in this State, for the purposes of this act, by

6

reason of carrying on in this State any one or more of the following activities[3]

(a) maintaining, defending or otherwise participating in any action or proceeding, whether judicial, administrative, arbitrative or otherwise, or effecting the settlement thereof or the settlement of claims or disputes;[4]

[N.J.S.A. 14A:13-3(1), (2), (2)(a) (emphasis added).]

The Corporations Act next expresses the purpose of the certificate of authority and how long the "authority to transact . . . business" continues:

Upon the issuance of a certificate of authority by the Secretary of State, the foreign corporation shall be authorized to transact in this State any business of the character set forth in its application. Such authority shall continue so long as it retains its authority to transact such business in the jurisdiction of its incorporation and its authority to transact business in this State has not been surrendered, suspended or revoked.

---

[3] The Commissioner's Comment in 1968 explains that "Subsection 14A:13-3(2) is new . . . . It differs from Title 14 by setting forth a non-exclusive list of certain activities . . . any one or more of which a foreign corporation may carry on in this State without having first secured a certificate of authority." N.J.S.A. 14A:13-2, Commr's cmt. (1968) (emphasis added).

[4] A treatise on New Jersey corporations law and forms similarly points out that "N.J.S.A. 14A:13-3(2) sheds some light on th[e] question [of when a corporation must apply for a certificate of authority] by providing that a foreign corporation need not obtain a certificate of authority if its only contacts with New Jersey" include the listed activities. 15A N.J. Practice, Legal Forms § 28:1, ¶3 (James H. Walzer) (4th ed. 2009) (emphasis added).

A-0775-22

[N.J.S.A. 14A:13-5 (emphasis added).]

The effect of a certificate of authority's revocation is addressed in N.J.S.A.

14A:13-10, which provides:

> (1) In addition to any other ground for revocation provided by law, the certificate of authority of a foreign corporation to transact business in this State may be <u>revoked</u> by the Secretary of State upon the conditions prescribed in this section when
>
> . . .
>
> > (e) the corporation has <u>failed to file its annual report within the time required</u> by this act.
> >
> > . . .
>
> (4) The issuance of the certificate of revocation shall have <u>the same force and effect as the issuance of a certificate of withdrawal</u> under subsection 14A:13-8(2).
>
> [N.J.S.A. 14A:13-10 (emphasis added).]

The above cross-reference to N.J.S.A. 14A:13-8(2), equating the consequences of a certificate of authority's revocation to that of a foreign corporation's withdrawal from New Jersey, portends the following consequences:

> (2) Upon the filing of the application for withdrawal, the Secretary of State shall issue to the corporation a certificate of withdrawal, whereupon

(a) the authority of the corporation to transact business in this State shall cease;

(b) the authority of its registered agent in this State to accept service of any process against the corporation shall be deemed revoked;

(c) the corporation shall be deemed to have irrevocably consented that service of process in any action or proceeding based upon any liability or obligation incurred by it within this State before the issuance of the certificate of withdrawal may thereafter be made on such corporation by service thereof on the Secretary of State or the chief clerk in his office . . . .

[N.J.S.A. 14A:13-8(2) (emphasis added).]

Applying these provisions from the Corporations Act to the circumstances of this case, the pivotal question of law is "Was NG Flooring 'transacting business' in New Jersey at the time it filed its complaint against defendant in October 2020?" The answer is no.

There is no dispute that, at the time NG Flooring provided services to DeRochi in 2016 and 2017, it possessed a valid certificate of authority. It is further uncontested that when NG Flooring filed suit against DeRochi in 2020,

9

it was no longer selling or providing products or services to customers within this State.

The plain language of N.J.S.A. 14A:13-3(2)(a) makes clear that a foreign corporation's act of "maintaining . . . or otherwise participating in any action or proceeding, whether judicial, administrative, arbitrative or otherwise"—i.e., the sole identified activity of NG Flooring in New Jersey in 2020—"shall not be considered to be transacting business in this State, for the purposes of [the Corporations Act]." N.J.S.A. 14A:13-3(2)(a). NG Flooring was "maintaining" a lawsuit against defendant for unpaid goods and services it previously supplied in 2016 and 2017. It therefore was not "transacting business" by virtue of filing that lawsuit in our courts. The revocation of its certificate of authority in 2019 has no bearing on the issue.

The trial court erred in reaching a contrary conclusion. Its reliance on an unpublished opinion cited to it by defendant, which allegedly interpreted the statute differently in a fact pattern in which a foreign corporation had actually been transacting business without a valid certificate, was misplaced. See R. 1:36-3.

We turn to the second basis on which the trial court dismissed NG Flooring's complaint: its failure to file annual reports of its business activities

with the Secretary of State under N.J.S.A. 14A:13-20(a). Defendant's dismissal motion fails as a matter of law on this ground as well.

N.J.S.A. 14A:13-20(a) is part of the Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-14 to -22 ("the Reporting Act"). The statute denotes when foreign corporations are precluded from affirmatively accessing the New Jersey courts for failure to comply with its terms.

Section 13-20 of the Reporting Act provides as follows:

> a. No foreign corporation <u>carrying on any activity</u> or owning or maintaining any property in this State <u>which has not obtained a certificate of authority</u> to do business in this State and disclaims liability for the corporation business tax and the corporation income tax <u>shall maintain any action or proceeding in any State or Federal court in New Jersey</u>, <u>until</u> such corporation <u>shall have filed a timely notice of business activities report</u>.

> b. The <u>failure</u> of a foreign corporation to <u>file a timely report shall prevent the use of the courts in this State</u> for all contracts executed and <u>all causes of action that arose at any time prior to the end of the last accounting period for which the corporation failed to file a required timely report</u>.

> c. The court in which the issues arise shall be granted the power to excuse the corporation for failure to file a report when due, and restore the right of access to the courts in this State. Such failure to file a report shall be excusable where the court finds the corporation has sustained the burden of establishing that

11

> (1) the failure to file a timely report was done in ignorance of the requirement to file, such ignorance was reasonable in all circumstances; and
>
> (2) all taxes, interest and civil penalties due the State for all periods have been paid, or provided for by adequate security or bond approved by the director, before the suit may proceed.
>
> [N.J.S.A. 14A:13-20 (emphasis added).]

The Reporting Act specifies which activities within New Jersey require foreign corporations to file a notice of business activities report with the State:

> Every foreign corporation which during any calendar or fiscal accounting year . . . carried on any activity or owned or maintained any property in this State, <u>unless specifically exempted under section 3</u> of this act,[5] shall be required to file a notice of business activities report, as hereinafter provided.
>
> Activities or property maintenance in this State which require corporations to file this report are:
>
> . . .
>
> e. receiving payments from persons residing in this State, or businesses located in this State, aggregating in excess of $25,000.00 regardless of any other connections with this State; or

---

[5] Section 3 is codified at N.J.S.A. 14A:13-16.

12

f. the derivation of income from any source or sources within this State; or

g. any other activity or property in, or interrelationships with, this State as designated by the director.

[N.J.S.A. 14A:13-15, 15(e)-(g) (emphasis added).]

N.J.S.A. 14A:13-16 provides that:

A foreign corporation <u>shall not be required</u> to file a notice of business activities report <u>if</u>

a. <u>by the end of an accounting period for which it was otherwise required to file a notice of business activities report</u> under this act, it <u>had received a certificate of authority</u> to do business in this State; <u>or</u>

b. a timely return has been filed under the Corporation Business Tax Act or the Corporation Income Tax Act for such accounting period.

[(Emphasis added).]

In interpreting these provisions, our Supreme Court has explained that "[e]very foreign corporation <u>subject to the Reporting Act must file an Activities Report</u> with the Director of the Division of Taxation of the State of New Jersey, on or before the fifteenth day of the fourth month after the close of the corporation's calendar or fiscal accounting year." <u>First Fam. Mortg. Corp. v.</u>

Durham, 108 N.J. 277, 281 (1987) (citing N.J.S.A. 14A:13–18(a)) (emphasis added). However, as the Court further explained, "[p]ursuant to N.J.S.A. 14A:13-16[(a), and] (b), a foreign corporation is <u>not required to file</u>, <u>if it has received</u> . . . <u>a certificate of authority</u> to do business in this [S]tate." <u>Ibid.</u> (emphasis added).

The statute, as worded, signified that a "[f]ailure to file an Activities Report prevents a corporation from using New Jersey courts to pursue <u>any</u> cause of action arising 'at any time prior to the end of the last accounting period for which the corporation failed to file a required timely report.'" <u>Id.</u> at 288 (quoting N.J.S.A. 14A:13-20(b)) (emphasis added). That "harsh penalty" burdening interstate commerce led the Court to declare it "constitutionally infirm," and resulted in the Court construing the statute to treat the preclusion as a temporary problem rather than a permanent one. <u>Id.</u> at 288-89, 292. In that vein, several published opinions of our state courts have allowed foreign corporations to cure the filing deficiency during the pendency of litigation. <u>See e.g.</u>, <u>Materials Rsch. Corp.</u>, 64 N.J. 74, 77, 77 n.1 (1973); <u>Davis & Dorand, Inc. v. Patient Care Med. Servs. Inc.</u>, 208 N.J. Super. 450, 454, 459-60 (Law Div. 1985); <u>Grow Farms Corp. v. Nat'l State Bank</u>, 167 N.J. Super. 102, 114 (Law Div.1979); <u>Menley & James Labs., Ltd. v. Vornado, Inc.</u>, 90 N.J. Super. 404, 414 (Ch. Div. 1966).

14

Applying these provisions and related case law principles, we are constrained to reverse the trial court's dismissal based on NG Flooring's alleged violation of the Reporting Act. The relevant sequence of events is instructive.

The record indicates NG Flooring began its work for defendant in New Jersey in September 2016, and received its certificate of authority in December 2016. Accounting periods are defined under the Reporting Act to "mean the calendar or fiscal year, or part thereof, for which a report is due under this act." N.J.S.A. 14A:13-17(e). The business activity reports, if required by N.J.S.A. 14A:13-15, are due annually. N.J.S.A. 14A:13-18. Thus, the record clearly shows NG Flooring had duly obtained its certificate by the end of the first accounting period for which it would otherwise have needed to produce a report. Therefore, NG Flooring met the exemption provided for by N.J.S.A. 14A:13-16(a) for the 2016 calendar year. That certificate remained in force through 2017, the year when NG Flooring completed its work for defendant. It was not until July 2019 when the certificate was revoked.

A plain reading of the Reporting Act signifies that a foreign corporation need not file a business activity report while its certificate of authority is still valid. See First Fam. Mortg., 108 N.J. at 281 (noting that "[p]ursuant to N.J.S.A. 14A:13-16[(a), and ](b), a foreign corporation is not required to file, if it has

received . . . a certificate of authority to do business in this [S]tate"). Therefore, NG Flooring also meets the exemption for filing notice of business activity reports for the years 2017 and 2018 while its certificate was still valid.

NG Flooring would have been required to submit a business activity report in December 2019 and annually thereafter only if it was "carrying on any activity" in New Jersey under N.J.S.A. 14A:13-15. See id. at 279-82, 287 (noting "the reporting requirement is carefully limited to those corporations that satisfy any of the conditions cited in N.J.S.A. 14A:13-15"). There is no proof that NG Flooring carried on any such activity in New Jersey since its certificate was revoked and no record facts indicate the contrary. See Bonnier Corp. v. Jersey Cape Yacht Sales, Inc., 416 N.J. Super. 436, 444 (App. Div. 2010) ("Although the record before us is limited, it is apparent that defendant, as the moving party invoking what are, in essence, the windfall benefits of N.J.S.A. 14A:13-11, has failed to sustain its burden by demonstrating that plaintiff has engaged in intrastate commerce within this State.").

Hence, under a plain reading of the Reporting Act, N.J.S.A. 14A:13-14 to -22, NG Flooring is beyond the scope of its annual requirements, and the statute's penalty of the denial of access to the courts of this State does not apply. Even if we were to conclude otherwise, the trial court erred in dismissing the

complaint with prejudice and depriving NG Flooring of an opportunity to cure the filing omission pursuant to the criteria set forth in N.J.S.A. 14A:13-20(c).

Reversed. Plaintiff's complaint is reinstated, and the case is remanded for further proceedings. Jurisdiction is not retained.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-0775-22